Nicholas PANARA, et al.

v.

**HERTZ PENSKE TRUCK LEASING, INC., et al.**

v.

**READING MACK DISTRIBUTORS, INC., et al.**

Civ. A. No. 86–4358.

United States District Court, E.D. Pennsylvania.

Sept. 7, 1988.

Ira Shrager, Paul R. Anapol, Philadelphia, Pa., for plaintiffs.

Jerrold P. Anders, & Marc A. Landry, White and Williams, Philadelphia, Pa., for Mack Trucks, Inc.

Jerrold P. Anders, Philadelphia, Pa., for Renault Vehicules Industriels.

Joseph Goldberg, Philadelphia, Pa., for Reading Mack Distributors, Inc.

Robert C. Mickle, Jr., Rawle & Henderson, Philadelphia, Pa., for Kidron Body Co.

Pepper Hamilton & Scheetz, Henry M. Justi, Philadelphia, Pa., for Hertz Penske Truck Leasing, Inc.

## MEMORANDUM AND ORDER

VAN ANTWERPEN, District Judge.

This matter comes before the court on the motion of defendant, Mack Trucks, Inc. (hereinafter "Mack"), to deem requests for admissions to be admitted. Specifically, Mack moves that Hertz Penske Truck Leasing, Inc. ("Hertz Penske"), Kidron Body Co. ("Kidron"), and Reading Mack Distributors, Inc. ("Reading Mack") be deemed to have admitted # 1, 18, 20, 23, 25, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, and 67[1] from the First Set of Requests for Admissions. The court is further requested to compel Hertz Penske to clarify its response to request # 18 and to compel Kidron to clarify its response to requests # 18 and 23. Mack also moves that the plaintiffs, Nicholas and Patricia Panara ("the Panaras"), Hertz Penske, and Reading Mack be deemed to have admitted the Second Set of Requests for Admissions because of their failure to respond or to request an extension of time. Mack further moves that Kidron's response to the third request contained in the Second Set of Requests for Admissions be deemed admitted because it is alleged to be evasive. Finally, Mack moves that W.E. Ryan Co., Inc. ("Ryan"), be deemed to have admitted Mack's First and Second Set of Requests for Admissions because of failure to respond.

■ We shall first dispose of those matters which have been unopposed or which have been resolved by stipulation between the parties. With regard to Mack's Second Set of Requests for Admissions, Reading Mack has no objection to having these deemed to be admitted. We shall, therefore, order that they be so admitted as to Reading Mack. The Panaras have filed no response; Hertz Penske admits that it has filed no response. Where no answer or reply has been filed to a request for admission, each of the matters included in the request for admission must be deemed to be admitted. *Orkin v. Sufrin*, 32 F.R.D. 388 (E.D.Pa.1963). Since neither the Panaras nor Hertz Penske have filed any response to Mack's Second Set of Requests for Admissions, these shall be deemed admitted as to the Panaras and Hertz Penske.

With regard to Ryan and Mack's First and Second Sets of Requests for Admissions, the parties have signed a stipulation: (1) to withdraw Mack's motion against Ryan to deem requests for admissions admitted; (2) to deem Mack's Second Set of Requests for Admissions admitted by Ryan for purposes of this action only; and (3) to allow Ryan not to respond to Mack's First Set of Requests for Admissions unless and until Ryan's motion to dismiss the third-

---

1. There is no request for admission numbered "67". We shall, therefore, discuss only those remaining items numbered above.

party complaint against it is adversely decided against Ryan. (If an adverse decision is given, thirty days are to be accorded Ryan to respond to Mack's First Set of Requests for Admissions). In accordance with this stipulation, we shall deem Mack's Second Set of Requests for Admissions to be admitted by Ryan for purposes of this action only. Since the Hon. Louis H. Pollak, by order dated January 12, 1988, has denied Ryan's motion to dismiss the third-party complaint against it, we shall also enter an order compelling Ryan to respond to Mack's First Set of Requests for Admissions within thirty days of the date of the order.

With regard to those responses which are disputed by the parties, we shall first consider the relevant provisions of Fed.R.Civ.P. 36. Fed.R.Civ.P. 36(a) concerns requests for admission and answers thereto. It reads in pertinent part:

"...

If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily

obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it."

These are the duties of the answering party. If the party proposing the requests is not satisfied with the answers, Fed.R.Civ.P. 36(a) prescribes what that party should do and how the court should evaluate the answers: ·

"The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. The court may, in lieu of these orders, determine that final disposition of the request be made at a pre-trial conference or at a designated time prior to trial...."

With these standards in mind, we shall proceed to examine the answers disputed[2] by Mack for Hertz Penske, Reading Mack, and Kidron.

HERTZ PENSKE

▇ With regard to Hertz Penske and Mack's First Set of Requests for Admissions, we find that Hertz Penske's answers # 1, 25, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 40, 45, 46, 47, 48, 49, 50, 51, 53, 54, 55,

---

2. A party's failure to admit the truth of any matter does not leave the other party without a future remedy. Fed.R.Civ.P. 37(c) reads:

"(c) **Expenses on Failure to Admit.** If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it

finds that (1) the request was held objectionable pursuant to Rule 36(a), or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (4) there was other good reason for the failure to admit."

Thus, if the subject matter of any disputed request should be proven to be true and if none of the four requirements of Fed.R.Civ.P. 37(c) are met, Mack could later apply to the court for *its* reasonable expenses (including attorney's fees) incurred in making the proof.

56, 57 and 58 fulfill the requirements of Fed.R.Civ.P. 36(a) because they comply with that part of the rule which states: "An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." Answer # 52 also complies with the requirements of the rule since it "specifically denies" the request. Answer # 23 also comports with the rule since it qualifies the answer.

■ We do find deficiencies, however, in answers # 18, 20, 39, 41 and 44. In denying request # 18 and adding "[a] different model was ordered", Hertz Penske has not "fairly met the substance of the requested admission." The word "model" is unclear. Answer # 20 is deficient because it does not "specifically deny" the matter. Hertz Penske's answers # 39, 41 and 44 are also not "specifically denied". (Hertz Penske is also referred to the requirements of the rule regarding qualifying an answer and specifying so much of it as is true). Fed.R.Civ.P. 36 provides that, where an answer has been found not in compliance with the requirements of the rule, the court may either order the matter admitted *or* order an amended answer to be served. In the exercise of discretion bestowed upon us by the rule, we shall order Hertz Penske to serve amended answers to requests # 18, 20, 39, 41 and 44.

### READING MACK

■ With regard to Reading Mack's answers to Mack's First Set of Requests for Admissions, we find that answers # 1, 25, 28, 30, 31, 32, 33, 35, 38, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 57 and 58 fulfill the requirements of Fed.R.Civ.P. 36(a) because they comply with that part of the rule which states: "An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the

party is insufficient to enable the party to admit or deny." Answers # 34 and 44 are sufficient, since they specify so much of the requests as are true and deny the remainder. We find answers # 18, 20, 23, 36, 37, 39, 41, 55 and 56 to be deficient in that Reading Mack has not indicated—as required by the rule—that it has made "reasonable inquiry" to obtain information. We shall, however, grant leave to Reading Mack to file amended answers to requests # 18, 20, 23, 36, 37, 39, 41, 55 and 56. We also believe that Mack's challenge to the sufficiency of answer # 40 is mistaken, since that answer admits the request. With regard to answer # 29, we believe that, if the intention of Reading Mack is to deny that portion of the request which pertains to the phrase "to perform painting", then that part should be denied. Leave to serve an amended answer to request # 29 shall also be granted.

### KIDRON

■ With regard to Kidron's answers to Mack's First Set of Requests for Admissions, we find that answers # 1, 31, 34, 35, 36, 37, 38, 47, 48, 50, 51, 52, 53, 54 and 58 comport with the requirements of Fed.R. Civ.P. 36(a) under that part of the rule that states: "An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." Kidron has submitted an amended answer # 18 which fulfills that part of the rule which states: "A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." In the exercise of our discretion, we shall permit such amendment to be made in order to comply with the rule. We find that the following answers already comply with this part of the rule: # 20, 29, 39 and 44. The following answers comply with that part of the rule which requires

**18**

that the answer specifically deny the matter: # 25, 28, 30 and 57. The following answers comply with that part of the rule which states: "The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter": # 32, 33, 41, 45, 46, 55 and 56. We believe that Mack's challenge to answer # 40 is mistaken, since Kidron has admitted the request. Kidron has submitted an amended answer # 23 which would admit the request. In the exercise of our discretion, we shall permit such amendment. With regard to answer # 49, strictly speaking, it does not comport with the rule. We believe, however, that there is a misplaced modifier in the request itself. After Mack redrafts it, we shall permit Kidron to serve an amended answer. Therefore, Kidron shall be granted leave to serve amended answers to requests # 18, 23 and 49.

Finally, as concerns Kidron's answer # 3 to the Second Set of Requests for Admissions, we believe that it meets that part of the rule that states: "A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder."

An appropriate order follows.

### ORDER

AND NOW, this 7th day of September, 1988, Mack Trucks, Inc.'s Motion to Deem Requests for Admissions to be Admitted is hereby GRANTED IN PART AND DENIED IN PART, as follows:

1. Mack Trucks, Inc.'s Motion to Deem Requests for Admissions to be Admitted as it pertains to the Second Set of Requests for Admissions is hereby GRANTED as to Nicholas and Patricia Panara, Hertz Penske Truck Leasing, Inc., and Reading Mack Distributors, Inc.;

2. Mack Trucks, Inc.'s Motion to Deem Requests for Admissions to be Admitted as it pertains to Kidron Body Co.'s answer # 3 to the Second Set of Requests for Admissions is hereby DENIED;

3. Mack Trucks, Inc.'s Motion to Deem Requests for Admissions to be Admitted as it pertains to the First Set of Requests for Admissions and Hertz Penske Truck Leasing, Inc., Kidron Body Co., and Reading Mack Distributors, Inc. is hereby DENIED; Hertz Penske is granted leave to amend answers # 18, 20, 39, 41 and 44; Kidron Body Co. is granted leave to amend answers # 18, 23 and 49; and Reading Mack Distributors, Inc. is granted leave to amend answers # 18, 20, 23, 29, 36, 37, 39, 41, 55 and 56;

4. Mack Truck, Inc.'s Motion to Deem Requests for Admissions to be Admitted as it pertains to the Second Set of Requests for Admissions and W.E. Ryan Co., Inc. is hereby GRANTED and these admissions are admitted for the purposes of this action only.

It is also ORDERED that W.E. Ryan Co., Inc. shall respond to Mack Truck Inc.'s First Set of Requests for Admissions within thirty (30) days of the date of this Order.